■ EDWARD T. KRUGLAK, Appellant, v. HENRIETTE R. LANDRE, Respondent.— In an action to recover damages for slander, plaintiff appeals from so much of a judgment of the Supreme Court, Queens County, entered September 25, 1964 after a nonjury trial, upon the decision of the court, as awarded him damages of $100.  Judgment, insofar as appealed from, affirmed, without costs.   Plaintiff contends that the amount of the damages awarded is inadequate.   The amount of the damages to be awarded in an action for defamation of character is peculiarly within the province of the trier of the facts; his award should not be disturbed unless it is palpably or grossly inadequate. In an action of this character it is seldom that the amount of the damages awarded by the jury or other trier of the facts will be increased by the court (1 Harper and James, Law of Torts, § 5.30, p. 472; anno., 35 ALR 2d 218, 220–221).   "Many elements enter into an action for libel or slander which are not present in other actions for personal wrongs.  A man may be grossly libeled and still his character and reputation may be such that he suffers no injury, or the circumstances under which the libel is published or the slander uttered be such that no substantial damage ought to be given" (*Amory* v. *Vreeland*, 125 App. Div. 850, 854).  Accordingly, the rule is well established that in these types of action "the jury [or other trier of the facts] is generally considered to be the supreme arbiter on the question of damages" (*Lynch* v. *New York Times Co.*, 171 App. Div. 399, 401; see, also, *Holmes* v. *Jones*, 147 N. Y. 59, 67; *Frechette* v. *Special Magazines*, 285 App. Div. 174).   That rule has been followed even to the extent of affirming judgments awarding only nominal damages to an attorney defamed by statements touching his profession (*Zator* v. *Buchel*, 231 App. Div. 334; *Paris* v. *New York Times Co.*, 170 Misc. 215, affd. 259 App. Div. 1007; *Sassower* v. *Himwich*, 236 N. Y. S. 2d 491, affd. 19 A D 2d 946; cf. *Nealis* v. *Industrial Bank of Commerce*, 200 Misc. 406).   Here the slanderous statement was made to a limited audience, some of whom were neighbors of the parties, at a time when the parties were engaged in litigation concerning a claim of encroachment by plaintiff on defendant's property.   No actual financial damages were proved by the plaintiff.   Hence, the judgment of the trial court which heard the witnesses, evaluated all the circumstances and made a fair determination on the facts relating to the damages sustained, should not be disturbed by this court.  We cannot say that the award is palpably or grossly inadequate.

Ughetta, Brennan and Hopkins, JJ., concur; Beldock, P. J., and Hill, J., dissent and vote to reverse the judgment and to grant a new trial, unless defendant stipulates to increase the award of damages to $2,500, with the following memorandum by Beldock, P. J., in which Hill, J., concurs: The proof shows that defendant said of plaintiff: "You're no lawyer. You're a crook. You took graft. Your name was in the papers." These remarks were concededly heard by plaintiff's wife, passerby and by the plaintiff's and the defendant's neighbors, whose windows were open. Plaintiff is a practicing lawyer; he is also employed by the Board of Education of the City of New York as head of the legal department of its Office of School Buildings and as chairman of the Board's Policy Consultation Council. In my opinion, the words spoken of plaintiff are actionable since they tend to injure or prejudice the reputation of plaintiff in his profession, and also since they charge him with the commission of a crime (*Curtler* v. *Union Parts Mfg. Co.*, 285 App. Div. 643, affd. 1 N Y 2d 5). The court, sitting without a jury, in finding for plaintiff, impliedly found the existence of malice, which is a question of fact (*Fulton* v. *Ingalls*, 165 App. Div. 323). Where malice exists, compensatory and punitive damages may be awarded; and in arriving at the amount of damages, the extent of the circulation or publication of the defamatory remarks, and plaintiff's social and business standing must be taken into consideration (*Goodrow* v. *New York Times Co.*, 241 App. Div. 190, 192). Under all the circumstances here, an award of $100 to plaintiff is grossly inadequate.