**Charles SIVELLE, Plaintiff, Appellant,**

v.

**Fred N. MALOOF, Defendant, Appellee.**

**Fred N. MALOOF, Defendant, Appellant,**

v.

**Charles SIVELLE, Plaintiff, Appellee.**

**Nos. 6990, 6991.**

United States Court of Appeals
First Circuit.

March 2, 1967.

PER CURIAM.

■ This is an action for libel in which the defendant was defaulted. The court assessed damages, after hearing, of $2,500.00, plus attorney's fees. Both parties appealed. Plaintiff's appeal asserting the award of damages to be inadequate is wholly frivolous. The claimed special damages were problematical, at best, if not entirely speculative. There could be no error in the court's rejection thereof. As to general damages, libel is a classic situation where an award will rarely be disturbed for inadequacy. See, e. g., Kruglak v. Landre, 1965, 23 A.D.2d 758, 258 N.Y.S.2d 550 ($100 damages); Naihaus v. Louisiana Weekly Pub. Co., 1933, 176 La. 240, 145 So. 527 ($350). "It is a general rule that a new trial will not be granted on the ground of inadequacy of the damages where the action is tort for an injury to the feelings, there being no standard by which to measure damages nor any pecuniary loss." Lufkin v. Hitchcock, 1907, 194 Mass. 231, 235, 80 N.E. 456, 457.

■■ Defendant's appeal is no better. There can be no valid contention that the plaintiff was required to join, as an indispensable party, another person who was jointly libeled. Defendant's claim that the publication was true as to the other party gives him no rights.

■ The extraordinary argument, made extensively here and in the district court, that as a matter of law general damages could not be awarded for a writing charging the plaintiff with having committed perjury, and as being "dishonest, unscrupulous, and unethically ruthless," was an imposition on the court. 53 C.J.S. Libel and Slander §§ 18, 71; 33 Am.Jur. Libel and Slander §§ 32, 49, 50.

■ Finally, there is no merit in defendant's claim that the court erred in defaulting him for failure to answer interrogatories. F.R.Civ.P. 33. The record discloses either a total lack of diligence on the part of counsel, or extended indifference to his case on the part of the defendant.

Affirmed. No costs to either party.

---

Ben Mermelstein, with whom Harley A. Miller was on brief, for Charles Sivelle.

Thomas C. Tilley, Hato Rey, P. R., with whom Enrique Igaravidez, San Juan, P. R., was on brief, for Fred N. Maloof.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.