■ Edward Dattner, Respondent, v Lee Pokoik et al., Appellants, et al., Defendant. — In a defamation action, all defendants (except Jay Trien) appeal from a judgment of the Supreme Court, Suffolk County, entered July

17, 1980, which is in favor of plaintiff and against them, on a jury verdict. Judgment reversed, on the law, without costs or disbursements, (1) the complaint is dismissed as against defendants Norman Alster, Trigar Publishing Co., Inc., and Bee Garfield, and (2) as between plaintiff and defendant Lee Pokoik, the action is severed and a new trial is granted limited to the issue of damages only, unless within 20 days after service upon plaintiff of a copy of the order to be made hereon, with notice of entry, plaintiff shall serve and file in the office of the clerk of the trial court a written stipulation consenting to reduce the verdict in his favor and against Lee Pokoik to $37,500 (representing $25,000 compensatory damages and $12,500 punitive damages), and to the entry of an amended judgment accordingly. In the event that plaintiff so stipulates, then the judgment in his favor and against said defendant, as so reduced and amended, is affirmed. At the outset, we note that Trial Term erred in denying the posttrial motion to dismiss brought by defendants Norman Alster, Trigar Publishing Co., Inc., and Bee Garfield (hereafter referred to as the Newspaper). Plaintiff was the Building Inspector for the Village of Ocean Beach in 1973, when the Newspaper published an accusation by defendant Lee Pokoik that plaintiff had solicited a bribe. The village building inspector, at the very least, had the authority and responsibility of making recommendations to the Mayor of Ocean Beach as to whether a building permit application should be approved or denied. This was uncontroverted, and therefore the trial court, and not the jury, should have determined whether plaintiff was a public official. (See *Rosenblatt v Baer,* 383 US 75, 88.) Where the facts and circumstances of a public employee's employment are not in dispute, it is for the Trial Judge to determine whether the evidence shows the employee to be a public official. *(Rosenblatt v Baer, supra;* 1 Harper & James, Torts, § 5.29.) We hold that plaintiff was a public official. His position was of such "apparent importance" that the general public, and particularly the citizens of Ocean Beach, would have an "independent interest" in his "qualifications and performance". (See *Rosenblatt v Baer, supra,* p 86.) A public official may not recover in a defamation action against a newspaper absent a clear and convincing showing that the defamatory publication was made with actual malice. *(New York Times Co. v Sullivan,* 376 US 254.) The United States Supreme Court has indicated that in this context a publication is made with "actual malice" when it is made with knowledge of falsity or where the newspaper "entertained serious doubts as to the truth of [the] publication." *(St. Amant v Thompson,* 390 US 727, 731.) In the case at bar, before publication the Newspaper spoke to plaintiff about the accusation, and printed his response to the accusation along with the accusation itself. The Newspaper also sought confirmation of Lee Pokoik's story with the Suffolk County District Attorney's office. The District Attorney's office confirmed the story insofar as the Newspaper was told that Lee Pokoik had filed a complaint against plaintiff. Finally, we note that there is some evidence of good will towards plaintiff in that when plaintiff was exonerated by the Board of Trustees of Ocean Beach, the Newspaper printed a lead story about that exoneration. (See *Di Lorenzo v New York News,* 78 AD2d 669.) These facts hardly demonstrate actual malice. Accordingly, the complaint against the Newspaper must be dismissed. A further basis exists for dismissal of plaintiff's complaint against the Newspaper. Even if plaintiff was considered a private individual and not a public official, he could only recover against the Newspaper on a showing that it "acted in a grossly irresponsible manner without due consideration for the standards of information gathering and dissemination ordinarily followed by reasonable parties." (See *Cha-*

padeau v Utica Observer-Dispatch, 38 NY2d 196, 199.) This standard of information gathering and dissemination was fashioned by the Court of Appeals to apply to articles and publications "arguably within the sphere of legitimate public concern". (Chapadeau v Utica Observer-Dispatch, supra, p 199.) An accusation that a building inspector solicited a bribe in return for his recommendation that a building permit application be approved is obviously a matter of public concern. (Cf. Chapadeau v Utica Observer-Dispatch, supra; Greenberg v CBS, Inc., 69 AD2d 693.) This is doubly true because of the context in which the publication was made. Lee Pokoik had been embroiled in a public controversy with the Mayor and Building Inspector of Ocean Beach over a one-family zoning restriction. That controversy was reported in the local media throughout the summer of 1973, and resulted in extensive litigation. (See Matter of Pokoik v Silsdorf, 40 NY2d 769.) The investigative measures taken by the Newspaper, already described, were, as a matter of law, far from grossly irresponsible. (Cf. Chapadeau v Utica Observer-Dispatch, supra.) For the foregoing reasons, we need not consider the Newspaper's other argument on appeal. Trial Term correctly denied defendant Lee Pokoik's motions to dismiss plaintiff's action against him, and his motion for a new trial made after the jury verdict was returned. In light of Bee Garfield's testimony that Lee Pokoik was the source for the article in question, plaintiff made out a prima facie case that Lee Pokoik defamed plaintiff. Mr. Pokoik's own letter to the Newspaper, written after the article mentioning plaintiff, and praising the Newspaper for accurately telling Mr. Pokoik's "side of the story", could have fairly been interpreted by the jury as an admission that Mr. Pokoik was indeed the source of the defamatory article. The jury's verdict was not against the weight of the evidence. Defendant Pokoik's claim that punitive damages were inappropriate is also without merit. Mr. Pokoik acknowledged several times during the trial that there was a "feud" going on between the officials of Ocean Beach and himself. The award of $75,000 compensatory damages was excessive to the extent indicated. The Newspaper has a relatively small circulation, of 7,500 copies. Within two weeks of the offending article, the exoneration of plaintiff by the village board of trustees was given a prominent place in the paper. Plaintiff testified that his salary had steadily increased since 1973, and that in 1979 he received a plaque from the Village of Ocean Beach for being an outstanding citizen. While the jury could properly award punitive damages against Lee Pokoik, the award of $35,000 for such damages was excessive to the extent indicated. Titone, J. P., Gulotta, Cohalan and O'Connor, JJ., concur.