Louis M. DAMIANI, M.D.

v.

RHODE ISLAND HOSPITAL, et al.

Civ. A. No. 80–0257.

United States District Court,
D. Rhode Island.

March 17, 1982.

Ralph J. Gonnella, Providence, R. I., for plaintiff.

Matthew F. Medeiros, of Edwards & Angell, Providence, R. I., for defendants.

## MEMORANDUM AND ORDER

PETTINE, Chief Judge.

Plaintiff, a doctor of internal medicine, claims that defendants have violated both federal and state antitrust laws by denying him active staff privileges at Rhode Island Hospital. Defendants have moved to dismiss this action pursuant to Fed.R.Civ.P. 37(b) & 41(b) because of plaintiff's failure to comply in a timely fashion with defendants' discovery requests and with this Court's order compelling discovery. In addition, defendants have requested an award of attorneys' fees incurred in preparing a supplemental memorandum that this Court requested in support of their motion to dismiss. For the reasons that follow, this Court grants defendants' motion to dismiss and finds that they are entitled to an award of reasonable attorneys' fees in connection

with preparation of the supplemental memorandum.

The history of the discovery process in this case is as follows. On May 28, 1981, defendants served upon plaintiff a set of interrogatories and various requests to produce documents. Plaintiff, however, failed to comply with or object to, defendants' discovery requests within thirty days, as required by Fed.R.Civ.P. 33(a) and 34(b). Furthermore, plaintiff did not move for an extension of time within which to respond. Plaintiff has only recently attempted to explain this failure to respond.[1]

After the thirty day period had run, defendants moved on July 1, 1981 for an order compelling discovery and for an award of expenses. On July 14, 1981, this Court issued an order compelling plaintiff to respond to all discovery requests by July 27, 1981. The Court also scheduled a show-cause hearing for September 14, 1981 on defendants' request for expenses.

In a letter dated July 27, 1981, plaintiff's counsel informed defendants that plaintiff would be unable to comply with the discovery order's deadline. The letter explained that plaintiff's counsel had "been on trial continuously for the past week and [had] therefore ... been unable to complete" discovery. Although plaintiff's counsel did not formally move to extend time within which to comply with the discovery order, he did promise in this letter to respond to defendants' requests by August 3, 1981, "[u]nless [defendants] have some serious objection."

However, plaintiff failed to keep this promise. In a letter dated August 5, 1981, plaintiff's counsel advised defendants that "the [requested] responses are much more voluminous tha[n] I had anticipated and Dr. Damiani has not had time to complete" them. Plaintiff's counsel also stated that, "Although I anticipate that I may have the answers no later than August 10, 1981, if I have any further problems ... I will contact you on or before that date."

August 10 passed, but plaintiff had still failed to file his answers to defendants' interrogatories and to produce the requested documents. In yet another letter (dated August 14, 1981), plaintiff's counsel informed defendants that "Dr. Damiani was not available on August 10th for completion of the Interrogatories. As you know August 10th was a holiday." Plaintiff's counsel then made another promise: "The Doctor is now scheduled to be in my office on August 12th for completion of the Interrogatories."

As might be expected, defendants received neither answers to their interrogatories nor requested documents on August 12. On August 13, 1981, plaintiff's counsel informed defendants by telephone that Dr. Damiani had been unable to meet with him on August 12 because Damiani had to respond to an "emergency call." Plaintiff's counsel then promised that he would meet with Damiani on August 15 and would send the answers to the interrogatories to defendants by August 17, 1981.

Plaintiff's counsel failed to keep this promise because "an unexpected matter required his traveling out of town" on August 15, the day on which he was to confer with Damiani. Plaintiff's Memorandum in Response to Defendants' Motion to Dismiss at 4. Counsel rescheduled his meeting with Damiani for two weeks later. *Id.* at 5. Because of what plaintiff's counsel claims to be his "inadvertence," *id.*, defendants were not notified of this delay.

On August 21, 1981, after this episode of broken promises, defendants filed the present motion to dismiss. On September 10 and 14, the plaintiff finally submitted answers to interrogatories and produced the requested documents.[2] Finally, on Septem-

---

1. At a hearing on this motion for dismissal held before this Court on March 1, 1982, the plaintiff's counsel stated that, due to a clerical error at his office, he did not immediately discover that the defendants had served interrogatories and requests for production on his client.

Counsel further stated that it was not until the defendants moved for an order compelling discovery that he learned of the existence of these discovery requests.

2. Defendants contend that several answers to

ber 16, 1981, the Court ordered plaintiff's counsel to pay defendants five hundred dollars for expenses incurred in connection with their motions for fees and for an order compelling discovery. The Court also ordered the parties to submit additional memoranda on the propriety of dismissing plaintiff's complaint.

### Motion to Dismiss

Both the Supreme Court and the First Circuit have recognized that defaulting a party under Fed.R.Civ.P. 37(b)(2)(C) for failure to comply with orders compelling discovery is a drastic sanction.[3] *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976) (*per curiam*) ("most severe in the spectrum of sanctions"); *Corchado v. Puerto Rico Marine Management, Inc.*, 665 F.2d 410, 413 (1st Cir. 1981); *Affanato v. Merrill Bros.*, 547 F.2d 138, 140 (1st Cir. 1977); *Atencio v. Wood*, C.A. Nos. 80-0187, 80-0105, slip op. at 2 (D.R.I. Dec. 4, 1981). Courts are hesitant to impose this sanction not only because of its harshness, but also because of the "policy of the law favoring the disposition of cases on their merits." *Affanato v. Merrill Bros., supra*, at 140 (quoting *Richman v. General Motors Corp.*, 437 F.2d 196, 199 (1st Cir. 1971)). However, the Supreme Court has made clear that "Rule 37 sanctions must be applied diligently both 'to penalize those whose conduct may be deemed to warrant such a sanction, [and] to deter those who might be tempted to such conduct in the absence of such a deterrent.'" *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980) (quoting *National Hockey League v. Metropolitan Hockey Club, Inc., supra*, 427 U.S. at 643, 96 S.Ct. at 2781).

■ Whether to order dismissal under Fed.R.Civ.P. 37(b)(2)(C) for failure to comply with discovery orders is within a court's sound discretion. *National Hockey League v. Metropolitan Hockey Club, Inc., supra*, at 643, 96 S.Ct. at 2781; *Corchado v. Puerto Rico Marine Management, Inc., supra*, at 413; *Affanato v. Merrill Bros., supra*, at 140. The Court may order dismissal when it is "just." Fed.R.Civ.P. 37(b)(2). The bounds of this discretion, however, are unclear. Neither the Supreme Court nor the First Circuit has squarely ruled on whether failure to comply with discovery orders must be willful in order to permit dismissal. The Supreme Court has stated ambiguously that Fed.R.Civ.P. 37 does not permit dismissals where noncompliance with a discovery order is due to "inability, and not to willfulness, bad faith, *or any fault*" of a party. *Societe Internationale v. Rogers*, 357 U.S. 197, 212, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958)[4] (emphasis added).

these interrogatories are grossly deficient. Although the Court concedes that plaintiff's answers leave much to be desired, the Court chooses not to rest its decision to dismiss on these answers. Thus, the Court will not discuss them in this opinion.

3. Defendants have moved to dismiss this action under Fed.R.Civ.P. 37(b)(2)(C) and 41(b). Because this Court finds dismissal warranted under Fed.R.Civ.P. 37(b)(2)(C), the Court will discuss dismissal under this rule only. Furthermore, the Supreme Court has stated that courts should not rely on Fed.R.Civ.P. 41(b) in dismissing actions for failure to comply with discovery orders. In *Societe Internationale v. Rogers*, 357 U.S. 197, 78 S.Ct. 1087, 2 L.Ed.2d 1255 (1958), the Court stated:

In our opinion, whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37, which addresses itself with particularity to the consequences of a failure to make discovery by listing a variety of remedies which a court may employ as well as by authorizing any order which is "just". There is no need to resort to Rule 41(b), which appears in that part of the Rules concerned with *trials* and which lacks such specific references to discovery. Further, that Rule is on its face appropriate only as a defendant's remedy, while Rule 27 provides more expansive coverage by comprehending disobedience of production orders by any party. Reliance upon Rule 41, which cannot easily be interpreted to afford a court more expansive powers than does Rule 37, . . . can only obscure analysis of the problem before us.

*Id.* at 207, 78 S.Ct. at 1093.

4. Although commentators have interpreted this language in *Societe Internationale*, which was quoted with approval in *National Hockey*

This Court need not resolve this issue, for it finds that plaintiff's counsel's misconduct in this case was willful. Finally, it seems clear that a court need *not* find that failure to comply with orders was motivated by a desire to impede the administration of justice in order to exercise its discretion to dismiss. *E.g., Affanato v. Merrill Bros., supra*, at 141 (upholding dismissal where conduct "went well beyond ordinary negligence;" no mention of ill-motive). *See Pease v. Peters*, 550 F.2d 698, 701 (1st Cir. 1977) (without mentioning ill-motive, upholding dismissal under Fed.R.Civ.P. 41(b) for failure of counsel to appear on trial date).

■ In light of the complete history of discovery in this case, the Court concludes that dismissal of plaintiff's complaint is just. The Court finds that plaintiff's counsel's failure to comply with this Court's discovery order was intentional and not rea-

sonably justified. Counsel states that he was "unable" to comply because of other trial commitments. This argument misses the point. That counsel had other responsibilities does not render his *choice* not to meet this Court's discovery deadline and his *decision* to divert his energies to other matters any less willful or irresponsible. The Court recognizes that attorney's schedules are busy, but court orders cannot be cavalierly ignored because an attorney has undertaken too much work. In short, plaintiff's counsel's failure to comply with the Court's discovery order was a willful dereliction of counsel's responsibility both to this Court and to defendants.

The Court bases its decision to dismiss plaintiff's complaint not only on this initial failure, but also on counsel's conduct after this Court's July 27 deadline for completing discovery had passed. Plaintiff's counsel repeatedly promised to comply with his opponents' discovery requests and repeatedly

League v. Metropolitan Hockey Club, Inc., 427 U.S. 639, 640, 96 S.Ct. 2778, 2779, 49 L.Ed.2d 747 (1976) (*per curiam*), as holding that willful violations of orders compelling discovery are necessary for dismissal, *e.g.*, 4A J. Moore & J. Lucas, Moore's Federal Practice, ¶ 37.03[2.–1], at 37–62 to 37–63 (2d ed. 1981); Carr, Corcoran, Epstein, & Kreiger, *An Up-Date on Rule 37 Sanctions After National Hockey League v. Metropolitan Hockey Clubs, Inc.*, 84 F.R.D. 145, 146 (1980), this Court finds that *Societe Internationale*'s language suggests just the opposite. The Court used the words "willfulness, bad faith, *or any fault*" in *Societe Internationale*. "Unless we are to assume that the Court chose its words carelessly, we must accord the term 'fault' a meaning of its own within the *Societe Internationale* triad. And plainly, if 'fault' has any meaning not subsumed by 'willfulness' and 'bad faith,' it must at least cover gross negligence...." *Cine Forty-Second St. Theatre v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1067 (2d Cir. 1979).
Although the First Circuit has not squarely decided this issue, its opinion in *Affanato* may be read as permitting dismissal where a party's failure to comply with discovery orders falls between ordinary negligence and outright willfulness. *See Affanato v. Merrill Bros.*, 547 F.2d 138, 141 (1st Cir. 1977) ("conduct here went well beyond ordinary negligence") (citing *Sivelle v. Maloof*, 373 F.2d 520, 521 (1st Cir. 1967) (upholding dismissal where "record disclose[d] either a total lack of diligence on the part of counsel, or extended indifference to his case on the part of the defendant"). Both the Second Circuit and Professor Moore have inter-

preted *Affanato* in this way. *Cine Forty-Second Street Theatre v. Allied Artists Pictures Corp., supra*, at 1067; 4A J. Moore & J. Lucas, Moore's Federal Practice, ¶ 37.03[2.–1], at 37–63 n.21 (2d ed. 1981).
Absent a Supreme Court or First Circuit ruling to the contrary, this Court believes that intentional bad faith violations of discovery orders are not necessary for dismissal under Fed.R. Civ.P. 37(b)(2)(C). Where an attorney fails to comply with an order due to his gross neglect, that is, conduct going well beyond ordinary negligence, dismissal may well be appropriate. First, such dismissals would not contravene the intent of the Advisory Committee in drafting Fed.R.Civ.P. 37(b)(2)(C). Although the Committee believed that willfulness was "relevant ... to the selection of sanctions," Advisory Committee Note to 1970 Amendments to Fed. R.Civ.P. 37, *reprinted in* 4A J. Moore & J. Lucas, Moore's Federal Practice, ¶ 37.01[B], at 37–21 to 37–22 (2d ed. 1981), the Committee did not suggest that willfulness was prerequisite to dismissal. Second, dismissals for gross neglect would not violate due process. *See Societe Internationale v. Rogers*, 357 U.S. 197, 209–11, 78 S.Ct. 1087, 1094–95, 2 L.Ed.2d 1255 (1958) (power of district courts to dismiss, even in aid of their own processes, subject to Fifth Amendment due process constraints). Such dismissals would reasonably promote the legitimate ends of general deterrence and, thus, of reducing delays in the discovery process. *Cine Forty-Second St. Theatre v. Allied Artists Pictures Corp., supra*, at 1067–68.

broke his promises. His letters to the defendants indicate an arrogant attitude that even his self-imposed deadlines were made to be broken, that discovery could proceed at the pace that he desired, and that the Court's order could be ignored with impunity. Not once did counsel formally move for an extension of time within which to complete discovery. Finally, counsel's ultimate failure to notify defendants that he would be absent from town on August 15 and would thus be unable to comply with defendants' requests by August 17, as promised, exemplifies counsel's callous disregard for defendants' interest in completing discovery and for his professional responsibilities.[5]

Although this Court cannot say that plaintiff's counsel's failure to afford discovery and to comply with this Court's order was part of a grand scheme to impede the litigation of this suit, the Court does find that his unprofessional behavior was willful[6] and exhibited an arrogant disrespect for the rules of discovery, this Court, and his opponents. In light of the functions of specific and general deterrence that the sanction of dismissal serves, and considering counsel's total lack of diligence, *Sivelle v. Maloof, supra*, 373 F.2d 520, 521 (1st Cir. 1967), this Court orders that plaintiff's complaint be dismissed. Although this Court recognizes that it is visiting the sins of the attorney upon the client, "this is an una-voidable side effect of the adversary system," *Corchado v. Puerto Rico Marine Management, Inc., supra*, at 413, and "the wheels of justice which now turn ever more slowly for civil cases would grind to a halt if delays such as the one[s] [encountered] here were to be allowed." *Pease v. Peters*, 550 F.2d 698, 701 (1st Cir. 1977) (upholding dismissal under Fed.R.Civ.P. 41(b) for failure to prosecute).[7] Finally, the acts and omissions of counsel are normally wholly attributable to the client, *Link v. Wabash R. R. Co.*, 370 U.S. 626, 633–34, 634 n.10, 82 S.Ct. 1386, 1390 n.10, 8 L.Ed.2d 734 (1962); *Cine Forty-Second St. Theatre v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1068 n.10 (2d Cir. 1979), and this Court finds no reason why this general rule should not apply in this case.

## MOTION FOR FEES

Defendants have moved pursuant to Fed.R.Civ.P. 37(b)(2) for an award of attorneys' fees incurred in preparing a supplemental memorandum supporting their motion to dismiss. Fed.R.Civ.P. 37(b)(2) provides:

> . . .[I]n addition [to dismissing a party for failing to comply with a discovery order] . . . the court shall require the party failing to obey the order or the attorney advising him or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the

---

5. The Court notes that defendants apparently did not object to plaintiff's counsel's failure to comply with the court-ordered discovery deadline and with his subsequent and repeated delays in affording discovery until they filed their motion to dismiss in August 1981. Were counsel's misconduct less egregious than it is in this case, defendants' apparent assent to his delays might constitute a significant mitigating factor making dismissal inappropriate.

6. Even if the conduct of the plaintiff's counsel cannot be considered a *willful* violation of this Court's discovery order, it certainly constitutes such *gross neglect* of the order and of counsel's responsibilities as to warrant dismissal of this suit. *See* note 4 *supra*.

7. There is some evidence in this case suggesting that the plaintiff himself was indifferent to the litigation of his lawsuit. Plaintiff's counsel's letter to defendants dated August 5, 1981, stated that plaintiff had not submitted answers to interrogatories by August 3, as promised, because "Dr. Damiani has not had time to complete" them. Furthermore, according to statements by his counsel to defendants, Dr. Damiani failed to meet with his attorney on August 10 and August 12 to complete the interrogatories because August 10 was a holiday and because Damiani was summoned away on an emergency call on August 12.

The Court does not rely on plaintiff's possible indifference to his suit to justify dismissal. The Court does not know whether plaintiff understood either the urgency of complying with the defendants' requests, or the potential sanctions for failing to do so. At the hearing before this Court on March 1, 1982, the plaintiff's counsel stated that he had never discussed with his client the possibility of dismissal for failure to comply with the Court's discovery order.

court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust. The drafters of Fed.R.Civ.P. 37(b)(2) used the language "shall ... require [payment of fees] ... unless" (emphasis added) in order to encourage courts more readily to order monetary sanctions, thereby more effectively deterring abuses of the discovery process. 4A J. Moore & J. Lucas, Moore's Federal Practice, ¶ 37.03[2.–7], at 37–89 to 37–90 (2d ed. 1981). Given the drafters' intent to promote the use of effective sanctions, and considering the unexcused, egregious nature of plaintiff counsel's failure to comply with this Court's discovery order and even with his own promises to complete discovery, this Court finds that a further award of fees against the plaintiff's counsel would be just.

## CONCLUSION

The Court hereby grants defendants' motion to dismiss plaintiff's complaint. Furthermore, plaintiff's counsel must pay defendants' reasonable attorneys' fees incurred in preparing the supplemental memorandum in support of their motion to dismiss that this Court requested. Defendants. will have ten days from the date of this order to submit an affidavit as to fees incurred. Plaintiff's counsel will have five days after this affidavit is filed within which to object to the fees claimed.

So Ordered.