■ ROBERT P. STANWICK, Respondent, v A.R.A. SERVICES, INC., et al., Appellants. — Order unanimously affirmed, with costs. Memorandum: Plaintiff was

formerly jail superintendent at the Monroe County Jail. He commenced this action to recover damages sustained as a result of his forced resignation and the publicity which surrounded it. Defendant Meloni is Sheriff of Monroe County. He appeals from an order denying his motion pursuant to CPLR 3211 (subd [a], par 7) to dismiss plaintiff's cause of action for defamation. Defendant A.R.A. Services, Inc. also appeals from the order insofar as it denied its motion to dismiss plaintiff's cause of action against it for "intentional falsehood". The causes of action arise out of an incident in January, 1980 in which defendant A.R.A. Services, Inc., a contractor supplying food services for the county, prepared and conducted a reception for defendant Meloni, the newly elected Sheriff, at the Monroe County Jail. The cost of the reception allegedly exceeded $1,000 in public funds and involved the use of prison labor. Defendant Meloni, on learning of this, conducted an investigation and thereafter requested plaintiff's resignation as jail superintendent. He then issued a press release announcing plaintiff's actions and charging plaintiff with misconduct in the incident. Plaintiff's complaint alleges that the Sheriff's statements were false and defamatory. He also seeks damages from defendant A.R.A. Services, Inc. in a cause of action for "injurious falsehood" alleging that A.R.A. falsely told defendant Meloni that he had authorized the use of prison help and public funds for the reception. Special Term correctly held that allegedly false statements contained in a press release issued by the Sheriff concerning plaintiff's resignation as jail superintendent were not absolutely privileged (see *Terry v County of Orleans,* 72 AD2d 925; and, see, *Whelehan v Yazback,* 84 AD2d 673). In affirming that decision, however, we do not pass upon Special Term's holding that the Sheriff's statements were qualifiedly privileged. That is a matter to be asserted by affirmative defense (see *Ostorwe v Lee,* 256 NY 36; *Garriga v Townsend,* 285 App Div 199; and, cf. *Duffy v Kipers,* 26 AD2d 127; and, see, also, *Holland v Fulbert Inc.,* 49 AD2d 86, 91-92). Defendants have not pleaded yet and the parties to this appeal have not addressed the question of whether a public official possesses a qualified privilege for damages sustained as a result of initiating and issuing a press release (see *Clark v McGee,* 49 NY2d 613; *Cheatum v Wehle,* 5 NY2d 585; *Bingham v Gaynor,* 203 NY 27, 30-31; *Jacobs v Herlands,* 51 Misc 2d 907, affd 259 App Div 823; and, cf. *Barr v Matteo,* 360 US 564; *Lombardo v Stoke,* 18 NY2d 394). We affirm the cause of action as to defendant A.R.A. Services, Inc. for the reasons stated in Special Term's decision. (Appeal from order of Supreme Court, Monroe County, Boehm, J. — dismiss complaint.) Present — Simons, J. P., Hancock, Jr., Callahan, Denman and Moule, JJ.