■ CHARLES F. NELLIS, Respondent, v RAYMOND A. MILLER, Appellant. — Judgment, insofar as it awards plaintiff $150,000 compensatory damages and $100,000 punitive damages, unanimously reversed, on the facts, and new trial granted on the issue of such damages only, unless plaintiff shall, within 20 days of service of a copy of the order herein with notice of entry, stipulate to reduce the award of compensatory damages to $5,000 and the award of punitive damages to $15,000 in which case the judgment is modified, and, as modified, affirmed, without costs. Memorandum: Plaintiff commenced this libel action after defendant, the Oswego County Sheriff, terminated his employment as Undersheriff and issued a "news release" stating "that the reason for his dismissal was [his] unprofessional conduct causing internal strife within the Department." Defendant appeals from a jury verdict awarding plaintiff $150,000 compensatory and $100,000 punitive damages. The *New York Times Co. v Sullivan* (376 US 254) standard was charged to the jury and is the law of the case under which the legal sufficiency of plaintiff's proof must be assessed (see *Bichler v Lilly & Co.*, 55 NY2d 571, 584). Our review of the record reflects that sufficient evidence was adduced at trial from which the jury could find, as it did, that the statement contained in the news release was false and that defendant either knew it was false or recklessly disregarded the truth when he made it. There is no merit to defendant's contention that the statement is absolutely privileged because of his position as Sheriff (see *Stanwick v A.R.A. Servs.*, 88 AD2d 767, 768) or as an expression of opinion (see *Rinaldi v Holt, Rinehart & Winston*, 42 NY2d 369, 380, cert den 434 US 969; *Bruno v New York News*, 89 AD2d 260, 264). ¶ However, in our view the amount of damages is shockingly excessive. Although injury to reputation is presumed if the defamation is libelous per se (see *Hinsdale v Orange County Pub.*, 17 NY2d 284, 288), the proof here falls short of establishing that plaintiff

was substantially injured by the false statement in the news release. "Many elements entered into an action for libel or slander which are not present in other actions for personal wrongs. A man may be grossly libeled and still his character and reputation may be such that he suffers no injury or the circumstances under which the libel is published or the slander uttered be such that no substantial damage ought to be given." (*Amory v Vreeland,* 125 App Div 850, 854; see, also, *Abell v Cornwall Ind. Corp.,* 241 NY 327, 335; *Kruglak v Landre,* 23 AD2d 758.) In this case plaintiff presented evidence of his good reputation which was refuted by defendant. No inferences may be drawn from the proof in the record that plaintiff's reputation was harmed in any way by the news release. The only proof of injury is plaintiff's self-serving testimony which was never corroborated by expert medical opinion, that the news release caused him to become emotionally upset and "uptight" and that as a result he visited a doctor who prescribed medication. The size of the compensatory damage award is without support in the record and in excess of the injury suffered and should be reduced to $5,000 (see *Dattner v Pokoik,* 81 AD2d 572, app dsmd 54 NY2d 750, 753, 1027; *Faulk v Aware, Inc.,* 19 AD2d 464, 470-471, affd 14 NY2d 899, cert den 380 US 916, reh den 380 US 989). ¶ Likewise, the $100,000 punitive damage award should be reduced. Punitive damages may be asserted in a defamation action (*Toomey v Farley,* 2 NY2d 71, 83) and constitutional free speech protections are not a bar (*Curtis Pub. Co. v Butts,* 388 US 130), provided that "actual malice" is proven as it was in this case (*Gertz v Robert Welch, Inc.,* 418 US 323). It is our duty, however, "to keep a verdict for punitive damages within reasonable bounds considering the purpose to be achieved as well as the *mala fides* of the defendant in the particular case." (*Faulk v Aware, Inc., supra,* p 472; see, also, *Nardelli v Stamberg,* 44 NY2d 500, 503.) We deem the award of punitive damages in this case to be excessive to the extent that it exceeds $15,000. ¶ Other issues raised by defendant have been examined and are found to be without merit. (Appeal from judgment of Supreme Court, Oswego County, Inglehart, J. — libel.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Schnepp, JJ.