Gerard MORRIS

v.

SNAPPY CAR RENTAL, INC.

Civ. A. No. 92–0179T.

United States District Court,
D. Rhode Island.

July 16, 1993.

Guy J. Wells, East Providence, RI, for plaintiff.

Robert J. Quigley, Jr., McKenney, Jeffrey & Quigley, Providence, RI, for defendant.

## REPORT AND RECOMMENDATION

LOVEGREEN, United States Magistrate Judge.

Defendant, Snappy Car Rental, Inc. ("Snappy") moves to dismiss plaintiff's complaint pursuant to F.R.Civ.P. 37(b)(2)(C) based on the failure of plaintiff, Gerard Morris ("Morris"), to comply with prior court orders and with various discovery requests. This matter has been referred to me for review and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B).

*Facts*

Morris alleges Snappy was negligent in leasing him a defective vehicle with improperly maintained brakes and a defective driver restraint system which resulted in injuries to Morris when the brakes failed during a sudden emergency and the rental vehicle struck a guard rail. The accident occurred in Illinois in March, 1992 and this suit was filed in April, 1992. Defendant commenced discovery in June, 1992 by propounding its first set of interrogatories and in July, 1992 by filing its first request for production of documents. In September, 1992, Morris filed his answers to interrogatories which, upon review by defendant, proved incomplete and, in some instances, totally nonresponsive. An expert was named but no information was forthcoming on the vehicle's alleged defects.

In October, 1992, Morris promised to furnish his expert's report to Snappy, but to date no expert report has been furnished and the initial expert named has been withdrawn.

In February, 1993, Snappy filed a motion to compel more responsive answers to interrogatories and a motion to compel production of documents. Both motions were granted without objection, but Morris has failed to comply fully and timely. In late February, 1993, Snappy filed a second set of interrogatories and in early March, 1993 a second request for production of documents. The discovery closure date was set by the court as April 1, 1993 and defendant's request for an extension was denied. In mid-March, 1993, Snappy filed a third request for production of documents.

When no responses to discovery requests were forthcoming from Morris, Snappy filed this motion to dismiss on April 21, 1993. Shortly thereafter, Morris responded to some discovery requests indicating he had no expert and offering to execute "releases" to permit defense counsel to obtain medical and other records.

To date, Snappy has not received from Morris radiology records (CT and MRI), per-

sonnel records, counseling records and any expert opinion.

Morris contends he has "fully complied" with all discovery and has offered to sign "releases" permitting defendant to obtain medical records, x-rays, counseling records and any other documents relevant to this case as he cannot afford the expense of obtaining copies. As to the expert, Morris states he cannot afford an expert review of the vehicle and will not have an expert testify at trial. The parties are in dispute as to whether and when the offer to sign "releases" was made. There is no doubt that Morris' responses to Snappy's discovery were "too little and too late."

*Discussion*

Defendant has moved to dismiss this action pursuant to F.R.Civ.P. 37(b)(2)(C) because of plaintiff's failure to comply with court orders compelling more responsive answers to interrogatories and production of documents and because of plaintiff's repeated failures to respond to the proper discovery requests.

Although plaintiff has been less than diligent in complying with discovery, the conduct at issue does not rise to the level of "callous disregard" of responsibilities or "arrogant disrespect" for discovery rules as illustrated in *National Hockey League* and *Damiani. National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643, 96 S.Ct. 2778, 2781, 49 L.Ed.2d 747 (1976); *Damiani v. Rhode Island Hospital*, 93 F.R.D. 848, 852 (D.R.I.1982), affirmed, 704 F.2d 12 (1st Cir.1983). Since the conduct of plaintiff does not warrant such a sanction, defendant's motion to dismiss should be denied.

Rule 37(b)(2)(C) provides in pertinent part:

If a party ... fails to obey an order to provide or permit discovery ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:

(C) An order ... staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party."

The analysis employed in several cases is helpful in assessing when a Rule 37(b)(2)(C) dismissal is appropriate. The United States Supreme Court upheld a district court's dismissal of an antitrust action for failure to answer written interrogatories on schedule as ordered by the district court. *National Hockey League*, 427 U.S. at 639, 96 S.Ct. at 2779. The Court notes that after 17 months "crucial interrogatories remained substantially unanswered." *Id.* at 640, 96 S.Ct. at 2779. The Court observed that "the extreme sanction of dismissal was appropriate" because of plaintiff's "flagrant bad faith" and "their counsel's 'callous disregard' of their responsibilities." *Id.* at 643, 96 S.Ct. at 2781.

The First Circuit Court of Appeals affirmed this court's decision dismissing an antitrust claim because of plaintiff's failure to comply promptly with defendant's discovery requests and with the district court's order compelling discovery. *Damiani*, 93 F.R.D. 848 (D.R.I.1982), *affirmed*, 704 F.2d 12 (1st Cir.1983). There, plaintiffs failed to respond at all to defendant's initial interrogatories for three and a half months: initial interrogatories and request for production of documents were served on plaintiff on May 28, 1981; on September 10, 1981 after defendant had moved to dismiss, the plaintiff finally submitted answers to interrogatories and produced the requested documents. In that case, plaintiff's counsel established a pattern of continually setting new deadlines and repeatedly missing them.

This court noted that the conduct of plaintiff's counsel was "willful" and "intentional." *Damiani v. Rhode Island Hospital*, 93 F.R.D. 848, 851 (D.R.I.1982). The Court also pointed to counsel's "callous disregard for defendant's interest" and that he "exhibited an *arrogant* disrespect for the rules of discovery." *Id.* at 852 (emphasis added). The First Circuit Court of Appeals further observed that plaintiff's attorney "arrogated control of discovery to himself and changed the date of compliance to suit his own convenience." *Damiani v. Rhode Island Hospital*, 704 F.2d at 16.

The extremity of behavior described in the above cases is not apparent in the instant case. Here, defendant sent interrogatories

to plaintiff on June 10, 1992 and requested production of documents on July 10, 1992. Defendant had plaintiff's answers to interrogatories, albeit somewhat incomplete and unresponsive, on September 1, 1992, including the identity of an expert, and admits that plaintiff provided some medical records regarding the injuries sustained in the accident. Absent were the expert's report, specifics as to vehicle defects, and other medical and personnel documents.

As of the July 7, 1993 hearing on the motion to dismiss, plaintiff had no expert, had not filed a pre-trial memorandum, had not initiated discovery against defendant, and had not produced records of radiology, lost wages, or counseling.

Although these failures are reprehensible, I believe that they fall short of the *Damiani* standard of "willful" and "arrogant". I acknowledge the discretionary power to "make such orders in regard to the failure as are *just*." Fed.R.Civ.P. 37(b)(2)(C) (emphasis added). I also acknowledge the "policy of law favoring the disposition of cases on their merits." *Damiani,* 93 F.R.D. at 850 (quoting *Richman v. General Motors Corp.,* 437 F.2d 196, 199 (1st Cir.1971).

The U.S. Supreme Court has stated that Rule 37

> "should not be construed to authorize dismissal of [a] complaint because of petitioner's noncompliance with a pretrial production order when it has been established that failure to comply has been due to inability, and not to willfulness, bad faith, or any fault of petitioner."

*National Hockey League,* 427 U.S. at 640, 96 S.Ct. at 2779 citing *Societe Internationale v. Rogers,* 357 U.S. 197, 212, 78 S.Ct. 1087, 1096, 2 L.Ed.2d 1255 (1958).

Morris does belatedly contend he is financially unable to comply with all discovery requests. There is nothing in this record to refute this. His reason for failure to comply, while not totally excusing his conduct, may be accurate. Dismissal is too severe a sanction under these circumstances.

*Conclusion*

For the reasons stated, I recommend defendant's motion to dismiss pursuant to F.R.Civ.P. 37(b)(2)(C) be denied.

Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.[1] Failure to file specific objections in a timely manner constitutes a waiver of the right to review by the district court.[2]

---

**1.** Rule 32, Local Rules of Court; Rule 72(b), FRCP.

**2.** *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603 (1st Cir.1980); *United States v. Valencia–Copete,* 792 F.2d 4 (1st Cir.1986).