*594 OPINION OF THE COURT
Timothy J. Walker, J.
Petitioners, County of Erie (County) and Erie Community College (College), have moved, pursuant to CPLR 7511, to vacate or modify the award of arbitrator, Howard G. Foster, dated September 23, 2013, as clarified by the arbitrator’s letter, dated November 4, 2013 (the award).
The parties have entered into a collective bargaining agreement, dated September 1, 2005 through August 31, 2009 (the agreement or CBA). The terms and conditions of the agreement continue until a successor agreement is negotiated (Civil Service Law § 209-a [1] [e]).
Respondent, Faculty Federation of Erie Community College (Federation), is the exclusive bargaining unit for certain employees of the College, including, for purposes of this matter, full-time 10-month teaching faculty. While considered full-time employees for purposes of the CBA, such faculty are required to work at the College for 10 months out of the year (no earlier than one week prior to Labor Day and no later than May 31).
The Federation asserted grievances against the College which challenge the manner in which certain of the Federation’s 10-month employees (the employees) were issued their paychecks for academic year 2011-2012.
The agreement provides as follows regarding the employees’ salary: “The salary of all full-time [Federation] employees shall be paid on a bi-weekly basis. All academic 10-month employees shall be paid on a bi-weekly basis over the calendar year, but may, at the employee’s option, receive his/her salary in 21 payments” (CBA, art 73, § [1] [a]).
Typically, there are 26 biweekly pay periods per year. However, every 11 years, a leap year causes a 27th pay period to occur. The 2011-2012 academic year contained 27 pay periods. The College notified the employees that a paycheck would be withheld in September, so that they would receive their guaranteed salaries spread equally over 26 paychecks. The Federation grieved the College’s proposal. In response to the grievance, the College determined to forgo withholding a paycheck and instead determined to split the 26th paycheck in half, with the first half paid in the 26th pay period and the second half in the 27th pay period (to ensure that the employees would receive biweekly checks throughout the entire academic year, which amounted to their respective guaranteed annual salaries).
*595 Respondent grieved this determination as well. The arbitrator framed the issue presented before him as follows: “Did the College violate, misinterpret, or inequitably apply the [CBA] when, in August 2012, for faculty members who receive their salary on an annual basis, it divided one pay check over two pay periods? If so, what shall the remedy be?” The arbitrator determined that the College violated the CBA by failing to pay the employees in biweekly amounts that were equal, and that the remedy was to direct the College to “make the half checks whole” (award at 12). If carried out, the award would result in each of the employees receiving a one-time increase to their guaranteed annual salaries, in the amount of one biweekly paycheck.
To sustain their burden on the instant application, petitioners must establish that there was “no proof whatever to justify the award” (Matter of Professional, Clerical, Tech., Empls. Assn. [Board of Educ. for Buffalo City Sch. Dist.], 103 AD3d 1120, 1122 [4th Dept 2013]). On this record, the award is patently irrational, and bears no relation to the contractual violation found by the arbitrator, assuming the College even violated the CBA.
Article 73, section (1) (a) of the agreement provides, in relevant part, that the “salary of all full-time [Federation] employees shall be paid on a bi-weekly basis. All academic 10-month employees shall be paid on a bi-weekly basis over the calendar year.” Nowhere does such language require the College to pay out the biweekly payments in equal installments. While it may make practical sense to do so, the agreement does not require it. Rather, the arbitrator impermissibly read that requirement into the CBA.
Assuming, arguendo, that the College did violate the agreement by splitting the 26th paycheck in half, the arbitrator’s remedy of directing the College to pay the employees an extra paycheck is irrational, because the employees have not suffered any damage. Rather, the College paid 100% of the employees’ salaries for academic year 2011-2012. Enforcement of the award would result in an approximate 4% gratuitous and unearned windfall to the employees, that would collectively cost petitioners (and the taxpayers) $685,854.27.
It is well settled that a violation, standing alone, does not trigger damages; the complaining party must sustain an injury (see Brooker v State of New York, 206 AD2d 712 [3d Dept 1994] [nominal damages of $1 affirmed where plaintiff, who suffered *596 from police misconduct, did not sustain a personal injury]; Kruglak v Landre, 23 AD2d 758 [2d Dept 1965] [nominal award of $100 in damages affirmed where plaintiff was grossly libeled but suffered no injury to his reputation]). In the instant matter, the employees have not sustained an injury.
CPLR 7511 (d) provides that “[u]pon vacating an award, the court may order a rehearing and determination of all or any of the issues” (emphasis added). A rehearing is unnecessary.
For the foregoing reasons and after due deliberation, it is hereby ordered, that the petition is granted and the award is vacated.