22-487-cv
Moroshkin v. Dietsche

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of November, two thousand twenty-two.

PRESENT: RAYMOND J. LOHIER, JR.,
SUSAN L. CARNEY,
ALISON J. NATHAN,
*Circuit Judges*.

------------------------------------------------------------------

SERGEI A. MOROSHKIN,

*Plaintiff-Appellant*,

v.                                                          No. 22-487-cv

RT. REV. ANDREW DIETSCHE,

*Defendant-Appellee*.

------------------------------------------------------------------

FOR PLAINTIFF-APPELLANT: Sergei A. Moroshkin, *pro se*, New York, NY

FOR DEFENDANT-APPELLEE: No appearance

Appeal from a judgment of the United States District Court for the Southern District of New York (Mary Kay Vyskocil, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is VACATED and the case is REMANDED for further proceedings consistent with this order.

Appellant Sergei Moroshkin, proceeding pro se, appeals from a February 18, 2022 order of the District Court (Vyskocil, J.) dismissing his complaint against Rt. Rev. Andrew Dietsche, the Bishop of the Episcopalian Diocese of New York. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

Moroshkin's complaint alleged that a security guard outside Trinity Church in downtown Manhattan attacked him with a chemical spray, and that this violated § 704(a) of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-3(a), which prohibits employers from retaliating against employees in certain contexts. Less

2

than three weeks after Moroshkin filed his complaint and paid the court filing fee, and without providing leave to amend the complaint, the District Court dismissed his complaint <u>sua</u> <u>sponte</u> for failure to state a claim based on the lack of an employer-employee relationship. Moroshkin timely appealed.

"We have held that dismissing a case without an opportunity to be heard is, at a minimum, bad practice in numerous contexts and is reversible error in others." <u>Catzin v. Thank You & Good Luck Corp.</u>, 899 F.3d 77, 82 (2d Cir. 2018). Although there are "certain circumstances" where dismissal without forewarning is appropriate, doing so remains disfavored because "[n]o principle is more fundamental to our system of judicial administration than that a person is entitled to notice before adverse judicial action is taken against him." <u>Id.</u> (quotation marks omitted). A hasty dismissal without notice can backfire by "leading to appeals and remands" in cases where, had notice been provided, we otherwise might affirm. <u>Id.</u> (quotation marks omitted).

This is not a case where a plaintiff paid the filing fee only to file a complaint filled with "fantastic or delusional claims." <u>Tyler v. Carter</u>, 151 F.R.D. 537, 540 (S.D.N.Y. 1993), <u>aff'd</u>, 41 F.3d 1500 (2d Cir. 1994) (table). Moroshkin's

claim involved $10,000 in damages and alleged injuries from an interaction with a security guard outside of a church. The defect the District Court identified in Moroshkin's complaint was its failure to state a claim based on the absence of an employer-employee relationship.

In dismissing Moroshkin's complaint <u>sua sponte</u>, the District Court relied on <u>Wachtler v. Cnty. of Herkimer</u>, 35 F.3d 77 (2d Cir. 1994), and <u>Fitzgerald v. First East Seventh Street Tenants Corp.</u>, 221 F.3d 362 (2d Cir. 2000). Neither case supports the District Court's approach. In <u>Wachtler</u>, we noted that a district court had the authority to dismiss a case <u>sua sponte</u> "<u>so long as</u> the plaintiff is given notice and an opportunity to be heard." 35 F.3d at 82 (quotation marks omitted) (emphasis added). And in <u>Fitzgerald</u>, the defendants had filed a letter to the district court requesting dismissal, putting the plaintiff on notice that the district court was considering such an order. 221 F.3d at 363. Here, Moroshkin received no notice that the District Court was considering dismissal, and no opportunity to be heard (such as by being given leave to amend) in advance of dismissal. We therefore conclude that the District Court improperly dismissed Moroshkin's complaint.

4

For the foregoing reasons, we VACATE the judgment of the District Court and REMAND for further proceedings consistent with this order. Moroshkin's pending motion for default judgment is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court