Fernandez v Tavares (2025 NY Slip Op 51814(U))

[*1]

Fernandez v Tavares

2025 NY Slip Op 51814(U)

Decided on November 19, 2025

Appellate Term, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on November 19, 2025
SUPREME COURT, APPELLATE TERM, FIRST DEPARTMENT

PRESENT: James, P.J., Brigantti, Alpert, JJ.

571188/25

Neifa Ramos Fernandez, Plaintiff-Respondent,
against
Lucia Tavares, Defendant-Appellant.

Defendant appeals from a judgment of the Small Claims Part of the Civil Court of the City of New York, Bronx County (Edit Shkreli, J.), entered on or about March 27, 2025, after trial, in favor of plaintiff and awarding her damages in the principal sum of $5,422.72, and dismissing defendant's counterclaim.

Per Curiam.
Judgment (Edit Shkreli, J.), entered on or about March 27, 2025, modified to reduce plaintiff's damage award to the principal sum of $3,686.70; as modified, judgment affirmed, without costs.
The trial court achieved "substantial justice" consistent with substantive law principals (CCA 1804) in resolving the liability aspect of the small claims action in plaintiff's favor, since the evidence permits a finding that defendant wrongfully retained certain items purchased by plaintiff and made certain statements that constituted slander per se (see Liberman v Gelstein, 80 NY2d 429 [1992]). However, the record and the ends of substantial justice support a recovery of damages of no more than $3,686.70. While the award for the items wrongfully retained is supported by the documentary evidence presented at trial, we have reduced the damages for the slander per se since plaintiff failed to prove that she suffered any actionable damages (see Gatz v Otis Ford, 274 AD2d 449, 450 [2000] [although the existence of compensatory damages is presumed in a case of defamation per se, the quantum of such damages is not]; Nellis v Miller, 101 AD2d 1002, 1002-1003 [1984], app dismissed 63 NY2d 952 [1984]; Meehan v Snow, 494 F Supp 690, 696 [SD NY 1980]) [evidence did not support awards of $100,000 for slander per se; same reduced to $1,000 per defendant], revd on other grounds, 652 F2d 274, 276 [2d Cir 1981]).
We examined defendant's remaining contentions and find them to be without merit.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 19, 2025