**Louis M. DAMIANI, M.D., Plaintiff, Appellant,**

v.

**RHODE ISLAND HOSPITAL, et al., Defendants, Appellees.**

No. 82–1429.

United States Court of Appeals, First Circuit.

Argued Feb. 1, 1983.

Decided March 30, 1983.

Rehearing and Rehearing En Banc Denied April 27, 1983.

---

Max D. Stern, Boston, Mass., with whom Stern & Shapiro, Gary Buseck, and Buseck & Ansolabehere, Boston, Mass., were on brief, for plaintiff, appellant.

Matthew F. Medeiros, Providence, R.I., with whom William R. Landry, and Edwards & Angell, Providence, R.I., were on brief, for defendants, appellees.

Before ALDRICH and BOWNES, Circuit Judges, and WYZANSKI,* Senior District Judge.

BOWNES, Circuit Judge.

The sole issue before us is whether the district court, 93 F.R.D. 848, abused its discretion in dismissing this case under Federal Rule of Civil Procedure 37(b)(2)(C) for failure of plaintiff to comply with a discovery order. We find no abuse of discretion and affirm.**

The chronology of events culminating in the dismissal is important. Plaintiff's complaint alleging antitrust violations and seeking treble damages in the amount of $1,500,000 as well as injunctive relief was filed on June 3, 1980. Pursuant to notice under Federal Rule of Civil Procedure 30, defendants took the deposition of plaintiff in July of 1980. On October 10, 1980, defendants moved to strike and dismiss the complaint. Plaintiff moved for an extension of time to November 15, 1980, within which to file his objection to the motion to strike and dismiss. Defendants agreed to such extension. On March 19, 1981, a stipulation was filed by the parties providing that plaintiff would file an amended complaint and defendants would withdraw their motion to strike and dismiss. The amended complaint, seeking the same relief as the original complaint, was filed on March 31, 1981.

On May 28, 1981, defendants served interrogatories and requests for production of documents on plaintiff through his attorney. No response was made by plaintiff within the thirty-day period prescribed by Federal Rules of Civil Procedure 33(a) and 34(b). Plaintiff neither objected to the interrogatories and request for production of documents, nor sought an extension of time from the court in which to reply and produce. On July 1, 1981, defendants moved pursuant to Federal Rule of Civil Procedure 37(a)(2) for an order compelling the answers to the interrogatories and the production of documents not later than July 27, 1981. No answer or objection to the motion having been filed by July 14, the court granted the motion and ordered plaintiff's counsel to appear on September 14 and show cause why attorney's fees and costs should not be awarded defendants' counsel.

Instead of complying or objecting to the order, plaintiff's counsel wrote defense counsel on July 27, the due date for compliance, and informed him that he was unable to comply as ordered because he was "on trial" and that he would file the answers to the interrogatories on August 3. There was no compliance on August 3. On August 5 plaintiff's counsel sent another letter to defense counsel stating that "the responses are much more voluminous that [sic] I had

---

* Of the District of Massachusetts, sitting by designation.

** We must point out that plaintiff's counsel in the district court was *not* the counsel who handled the case on appeal.

**14**

anticipated and Dr. Damiani has not had time to complete same." The letter further stated that he anticipated having the answers not later than August 10 but if there were any problems, "I will contact you on or before that date." Defense counsel was not contacted and no interrogatory answers were filed on or before August 10. On August 11 another letter was sent to defense counsel stating that plaintiff was not available on August 10 for completion of the interrogatories because it was a holiday, but that arrangements had been made with plaintiff for completion of the interrogatories on August 12. On August 13 plaintiff's counsel telephoned defense counsel and informed him that his client had not come to his office as scheduled, but that he would meet with the plaintiff on August 15 and forward the answers to the interrogatories and documents requested by August 17. This deadline, like the others, came and went without a word from plaintiff's counsel.

On August 21 defense counsel moved to dismiss the complaint pursuant to Rule 37(b)(2)(C) and Rule 41(b).[1] On August 31 plaintiff's counsel filed an objection to the motion to dismiss and gave as the reason for not completing the interrogatories that he "was unexpectedly called out of town on business." We note that this was the first time plaintiff's counsel filed anything with the court relative to the failure to comply with the discovery order. The district court set the motion for hearing on September 15. On September 10 and 14 answers to the interrogatories and documents were produced.

At the hearing on September 15 defense counsel stated that the answers to the interrogatories were "woefully inadequate." The reasons given at the hearing by plaintiff's counsel for having failed to comply with the discovery order were that he was engaged in a trial before the district court and that his client could not meet with him as scheduled because of emergency situa-

tions at the hospital. The district judge pointed out that motions were inundating the court, that he alone had some 2,400 motions filed and that "the motion calendar indeed was slowing down the disposition of cases to a serious point." He further stated: "There is only one way to cope with this—there has to be strict adherence to every court order, strict compliance." After granting defendants' motion for a counsel fee of $500 for work relative to the discovery order, the judge expressed his reluctance to "seeing a client just knocked out of court because of what has happened in the pretrial stage .... [But] [m]aybe we have reached the point where we have got to start thinking in such drastic terms." A ruling was reserved on the motion to dismiss and plaintiff's counsel was given three weeks to brief the reasons why the action should not be dismissed.

Another hearing on the dismissal motion was held on March 1, 1982. The plaintiff himself was present at the hearing but did not testify. Plaintiff's counsel took full responsibility for the failure to comply with the discovery order. The court expressed some skepticism as to this. Defense counsel again stated that plaintiff was not in full compliance with the discovery order.

On March 17 the district court issued a memorandum and order dismissing the case and ordering plaintiff's counsel to pay defendants their reasonable attorney's fees incurred in preparing the supplemental memorandum in support of the motion to dismiss. The amount of such fees has not yet been determined. In its opinion the district court noted that plaintiff's answers to the interrogatories "leave much to be desired" but explicitly did not rest the dismissal on the answers. The court found that the behavior of plaintiff's counsel amounted to willful misconduct. It found that the failure of plaintiff's counsel to comply with the court's discovery order was "intentional and not reasonably justified" and constituted "a willful dereliction of

1. The district court did not discuss Rule 41(b) in its opinion and counsel have treated the case as one raising only the question of whether it

was an abuse of discretion to dismiss under Rule 37(b)(2)(C), as do we.

counsel's responsibility both to this court and to defendants." The court noted that plaintiff's counsel "repeatedly promised to comply with his opponent's discovery requests and repeatedly broke his promises." This indicated to the court an "arrogant attitude that even his self-imposed deadlines were made to be broken, that discovery could proceed at the pace that he desired, and that the Court's order could be ignored within impunity."

After careful consideration of *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), and First Circuit cases, the court concluded that "[i]n light of the functions of specific and general deterrence that the sanction of dismissal serves, and considering counsel's total lack of diligence," the complaint must be dismissed. Faced with these findings, all fully supported in the record, we could find an abuse of discretion only if the rule or the pertinent cases clearly forbid a dismissal in these circumstances.

■ Although it is true, as appellant points out, that Federal Rule of Civil Procedure 37(b)(2) provides a variety of sanctions for failure to obey a discovery order, it is also true that dismissal is one of the sanctions available. There is nothing in the rule that states or suggests that the sanction of dismissal can be used only after all the other sanctions have been considered or tried. We now turn to the case law.

*National Hockey League v. Metropolitan Hockey Club*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747, is a turning point in the law on the use of the sanction of dismissal for failure to obey a discovery order. It explicitly recognizes that deterrence is a factor warranting such sanction. Because the district court relied heavily on the teaching of this case and because we think it represents a new approach to the ever-growing problem of coping with discovery delay in this era of evermore complex litigation, we quote it *in extenso:*

There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order will feel duly chastened, so that even though he succeeds in having the order reversed on appeal he will nonetheless comply promptly with future discovery orders of the district court.

But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that *these* respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts.

*Id.* at 642–43, 97 S.Ct. at 2780–81. In *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763–64, 100 S.Ct. 2455, 2462–63, 65 L.Ed.2d 488 (1980), the Court quoted *National Hockey League* in emphasizing that Rule 37 sanctions must be applied diligently as both punishment for the offender and to deter putative offenders. In the most recent case on the use of sanctions for failure to comply with a discovery order, the Court upheld the finding of personal jurisdiction under a Rule 37(b)(2)(A) sanction.[2] *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinea*, 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (U.S., 1982). The Court quoted

**2.** Rule 37(b)(2)(A) provides that a court may issue "[a]n order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order . . . ."

the admonition it gave the circuit court in *National Hockey League v. Metropolitan Hockey Club:* "The question, of course, is not whether this Court, or whether the Court of Appeals, would as an original matter have dismissed the action; it is whether the District Court abused its discretion in so doing." 427 U.S. at 642, 96 S.Ct. at 2780.

We think the teaching of *National Hockey League* applies to the facts of this case. Not only was there willful disobedience of the court's order, but the plaintiff's attorney arrogated control of discovery to himself and changed the date of compliance to suit his own convenience and that of his client. If such conduct were condoned by a slap on the wrist,[3] the District Court of Rhode Island might well find the lawyers calling the tune on discovery schedules. There is no claim that such conduct was accepted practice in the District Court of Rhode Island or had been tacitly sanctioned by the court in other cases. We assume that if defense counsel had received the answers to the interrogatories and documents prior to August 21, he would have been satisfied, but that does not make him an aider and abettor. We also note that there was no effort by plaintiff's counsel to move this case along. He initiated no discovery[4] and his only motions were to ask for extensions in which to reply to motions of the defendants. The entire pattern of behavior by plaintiff's counsel casts a shadow on the bona fides of his client's case, particularly since an antitrust action requires the close cooperation of attorney and client at every stage of the lawsuit. When a plaintiff brings a lawsuit such as this, necessarily involving detailed and lengthy discovery, he must adhere strictly to the rules. The day has long since passed when we can indulge lawyers the luxury of conducting lawsuits in a manner and at a pace that best suits their convenience. The processing of cases must proceed expeditiously if trials are to be held at all.

Appellant urges that dismissal would contravene the holding of *Societe Internationale v. Rogers,* 357 U.S. 197, 209, 78 S.Ct. 1087, 1094, 2 L.Ed.2d 1255 (1958), that "[t]he provisions of Rule 37 which are here involved must be read in light of the provisions of the Fifth Amendment that no person shall be deprived of property without due process of law . . . ." We leave it to scholars[5] to say how severely that holding has been eroded by *National Hockey League,* we only note that on its facts *Societe Internationale* does not apply. The Court was careful to point out "that petitioner's failure to satisfy fully the requirements of this production order was due to inability fostered neither by its own conduct nor by circumstances within its control." *Id.* at 211, 78 S.Ct. at 1095. That is hardly the case here.

The argument that the sins of the attorney should not be visited on the client is a seductive one, but its siren call is overborne by the nature of the adversary system.

There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Smith v. Ayer,* 101 U.S. 320, 326, 25 L.Ed. 955.

*Link v. Wabash Railroad Co.,* 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734

---

**3.** The award of attorney's fees for the preparation of a memorandum does not amount to much when compared with a damage potential of $1,500,000.

**4.** An attempt was made in December of 1982 to depose one of the defendants, but this was enjoined because of the pending hearing on the question of dismissal.

**5.** *See* Note, *The Emerging Deterrence Orientation in the Imposition of Discovery Sanctions,* 91 Harv.L.Rev. 1033 (1978).

(1962) (footnote omitted). As Justice Harlan points out in the footnote to the above quote, keeping a suit alive "merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of the plaintiff's lawyer upon the *defendant*." *Id.* at 634 n. 10, 82 S.Ct. at 1390 n. 10. We have also turned a deaf ear to this plea. *Corchado v. Puerto Rico Marine Management, Inc.,* 665 F.2d 410, 413 (1st Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); *Pease v. Peters,* 550 F.2d 698, 701 (1st Cir.1977).

This circuit has long recognized that dismissal either for failure to comply with discovery orders or lack of prosecution is a matter within the discretion of the district court and the claim of abuse of discretion has not received a sympathetic ear from us. In fact, since 1964 we have upheld dismissals in all cases but one. *See Colokathis v. Wentworth-Douglass Hospital,* 693 F.2d 7 (1st Cir.1982); *Corchado v. Puerto Rico Marine Management, Inc.,* 665 F.2d 410 (1st Cir.1981), *cert. denied,* —— U.S. ——, 103 S.Ct. 60, 74 L.Ed.2d 63 (1982); *Commonwealth of Puerto Rico v. SS Zoe Colocotroni,* 628 F.2d 652 (1st Cir.1980), *cert. denied,* 450 U.S. 912, 101 S.Ct. 1350, 67 L.Ed.2d 336 (1981); *Medeiros v. United States,* 621 F.2d 468 (1st Cir.1980); *Zavala Santiago v. Gonzalez Rivera,* 553 F.2d 710 (1st Cir.1977); *Pease v. Peters,* 550 F.2d 698 (1st Cir.1977); *Affanato v. Merrill Brothers,* 547 F.2d 138 (1st Cir.1977); *Associacion de Empleados del Instituto de Cultura Puertorriguena v. Rodriguez Morales,* 538 F.2d 915 (1st Cir. 1976); *Eisler v. Stritzler,* 535 F.2d 148 (1st Cir.1976); *Luis C. Forteza e Hijos, Inc. v. Mills,* 534 F.2d 415 (1st Cir.1976); *Local Union No. 251 v. Town Line Sand & Gravel, Inc.,* 511 F.2d 1198, 1199 (1st Cir.1975) (per curiam); *Atlantic Cape Fisheries v. Hartford Fire Ins. Co.,* 509 F.2d 577 (1st Cir. 1975) (per curiam); *Sivelle v. Maloof,* 373 F.2d 520 (1st Cir.1967) (per curiam); *United States v. Kelley,* 338 F.2d 328, 329 (1st Cir.1964). The sole exception, which probably proves the rule, is *Richmond v. General Motors Corp.,* 437 F.2d 196 (1st Cir.1971).

This line of cases does not mean we have rubber-stamped the decisions of the district court. In each case we considered the facts fully; we will, of course, continue to do so. We fully appreciate how drastic a sanction dismissal is; it is the death knell of the lawsuit. The records of the cases in this circuit show that the district court judges also understand that a dismissal for failure to comply with discovery orders or lack of prosecution should not be ordered without thoughtful consideration of all the factors involved. That the district court here was fully aware of its duty and responsibility is evidenced not only by a carefully written decision, but by the fact that it held a second hearing on the dismissal motion so that plaintiff's lawyer could fully respond to it. There was no abuse of discretion.

In this case we have criticized unilateral inaction without court approval. We think it important to point out that it is also improper to file self-indulgent motions. A lawyer's first obligation is to make every effort to comply with the court's order. The second is to seek consent if compliance is, in fact, impossible. And the third is to seek court approval for noncompliance based on a truly valid reason.

*Affirmed.*