**CIA PETROLERA CARIBE, INC., Plaintiff,**

v.

**ABBA SERVICE CENTER, et al., Defendants.**

**Civ. No. 86–0404 (PG).**

United States District Court,
D. Puerto Rico.

May 28, 1987.

---

Celso E. Lopez, San Sebastian, P.R., for plaintiff.

Carlos H. Rodriguez Freire, Altos Cidra, P.R., for defendants.

## OPINION AND ORDER

PEREZ–GIMENEZ, Chief Judge.

The matter is before the Court upon a Magistrate's Report and Recommendation filed on February 17, 1987. The U.S. Magistrate recommends that defendants' pleadings be stricken and that default[1] be entered for defendants having obstructed plaintiff's attempts to obtain discovery. In spite of the fact that defendants were warned that failure to file objections to the report and recommendation within ten days of receipt constituted waiver of the right to appeal the district court's order, defendants failed to file any objections.

---

**1.** Although the U.S. Magistrate did not specifically refer to any of the federal rules, this default would be authorized by Fed.R.Civ.P. 37(b)(2)(C).

The chronology of events which culminated in the Magistrate's recommending that default be entered is the following:

1. March 19, 1986: Complaint is filed.

2. July 3, 1986: Motion informing the Court that plaintiff on July 1, 1986, served defendants with a set of interrogatories and request for admissions.

3. July 29, 1986: Plaintiff files a motion requesting defendants to comply with discovery request and requesting sanctions. The motion is based on the fact that on July 21, 1986, as agreed with defendants' attorney, plaintiff's attorney showed up at defendants' business to conduct inspection of documents and found no documents. On August 20, 1986, the U.S. Magistrate grants the motion.

4. August 8, 1986: Plaintiff files a motion requesting defendants to comply with discovery requests, to answer a set of interrogatories and requests for admissions and further requesting sanctions. On August 20, 1986, the U.S. Magistrate grants the motion.

5. August 28, 1986: Plaintiff files a motion requesting specific amount as sanctions, to strike defendants' pleadings and to enter judgment under Rule 37, Fed.R. Civ.P. An order was entered by the Magistrate on October 9, 1986, awarding attorney's fees and ordering plaintiff's counsel to submit statement.

6. August 29, 1986: Plaintiff files a motion for further and severe sanctions for failure of defendants to provide the documents requested for inspection. Order was entered by the Magistrate on October 9, 1986, awarding attorney's fees.

7. September 19, 1986: Defendants file a motion requesting time to answer interrogatories.

8. October 1, 1986: Plaintiff files a motion requesting severe and further sanctions. Said motion was set for hearing by the U.S. Magistrate.

9. October 14, 1986: Defendants file their answer to interrogatories and request for admissions.

10. October 23, 1986: Plaintiff files a motion for partial summary judgment.

11. November 5, 1986: Defendants file their opposition to plaintiff's partial summary judgment.

12. November 7, 1986: The U.S. Magistrate enters a Hearing Report and Order granting the parties 60 days to complete discovery, setting pretrial for January 15, 1987.

13. November 10, 1986: Defendants file answer to request for admissions.

14. November 15, 1986: Defendants' attorney files a motion to withdraw as attorney of record. Order entered by the U.S. Magistrate on January 22, 1987, denying the same until such time as the award of fees is paid and a new attorney enters an appearance.

15. January 20, 1987: The U.S. Magistrate files a Pretrial Conference Report and states that defense counsel failed to appear at the scheduled conference, resets pretrial and warns defendants that failure to appear will result in his recommending that the trial be seen by default.

16. February 12, 1987: Plaintiff files a motion requesting entry of default, summary judgment and/or other appropriate relief. Plaintiff's attorney informs the Court that at least in five occasions he has tried to inspect the documents requested to no avail; that the attorney's fees awarded have not been paid; that once more on February 10, 1987, plaintiff went to defendant's place of business to inspect the documents and the same were not produced.

17. February 12, 1987: The U.S. Magistrate enters pretrial conference report vacating his previous order denying defendants' attorney's withdrawal of legal representation; granting defendants twenty days to be represented by counsel and warning defendants that any discovery defaults will be grounds for an entry of default and trial on default. Defendants were to be notified with a copy of this report. From the record it does not appear that a copy was sent to defendants.

18. February 17, 1987: The Magistrate enters his report and recommendation.

19. April 14, 1987: Defendants file a motion informing the Court that they have retained new attorney and request the Court that said attorney be accepted without paying the previously imposed sanctions because they are going to file for a reconsideration of the sanction.

20. April 21, 1987: Defendants file a motion requesting the Court to schedule a status conference wherein co-defendant Gilberto Medina Cubano may present his reasons for his noncompliance. Attached to the motion is a sworn statement of Medina Cubano alleging a total lack of communication with his attorney and that on February 10, 1987, he was unaware of plaintiff's attorney's visit to inspect documents because he was in Orlando, Florida.

21. April 23, 1987: Plaintiff files a motion requesting the Court to enter default judgment pursuant to Rule 37(b)(2)(C) and to impose further sanctions.

22. April 24, 1987: Defendants file an opposition to plaintiff's requested relief. Defendants request that plaintiff's motion for relief, for partial summary judgment be stayed until the Court schedules a status conference and allows defendants sufficient time to prepare their defense, discovery and any other matters.

23. May 1, 1987: Defendants file an informative motion that they have served plaintiff a set of request for admissions.

24. May 5, 1987: Plaintiff files a motion requesting the Court that it be excused from answering the untimely request submitted by defendants, that default judgment be entered and that additional sanctions be imposed.

Federal Rule of Civil Procedure 37(b)(2) provides for a variety of sanctions for failure to obey a discovery order, among which are striking out pleadings and rendering a judgment by default. R. 37(b)(2)(C).

"A default judgment is … a drastic sanction that should be employed only in an extreme situation." *Luis C. Forteza e Hijos, Inc. v. Mills*, 534 F.2d 415, 419 (1st

Cir.1976), *citing, Flaska v. Little River Marine Construction Co.*, 389 F.2d 885 (5th Cir.,) *cert. denied*, 392 U.S. 928, 88 S.Ct. 2287, 20 L.Ed.2d 1387 (1968). However, in considering whether default is an appropriate sanction other factors must also be borne in mind, such as "the time and energies of our courts and the rights of would-be litigants awaiting their turns to have other matters resolved." *Affanato v. Merrill Bros.*, 547 F.2d 138 (1st Cir. 1977), *citing, Von Poppenheim v. Portland Boxing & Wrestling Commission*, 442 F.2d 1047, 1054 (9th Cir.1971), *cert. denied*, 404 U.S. 1039, 92 S.Ct. 715, 30 L.Ed.2d 731 (1972). *See also, Corchado v. Puerto Rico Marine Management, Inc.*, 665 F.2d 410 (1st Cir.1981); *Eisler v. Stritzler*, 535 F.2d 148 (1st Cir.1976).

As stated by the U.S. Court of Appeals for the First Circuit, the case of *National Hockey League v. Metropolitan Hockey Clubs*, 427 U.S. 639, 96 S.Ct. 2778, 49 L.Ed.2d 747 (1976), was a turning point in the law in the use of the sanction of dismissal for failure to obey a discovery order. *Damiani v. Rhode Island Hospital*, 704 F.2d 12, 15 (1st Cir.1983). The Court quoted *in extenso* from *National Hockey League:*

There is a natural tendency on the part of reviewing courts, properly employing the benefit of hindsight, to be heavily influenced by the severity of outright dismissal as a sanction for failure to comply with a discovery order. It is quite reasonable to conclude that a party who has been subjected to such an order will feel duly chastened, so that even though he succeeds in having the order reversed on appeal he will nonetheless comply promptly with future discovery orders of the district court.

But here, as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the district court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in

the absence of such a deterrent. If the decision of the Court of Appeals remained undisturbed in this case, it might well be that these respondents would faithfully comply with all future discovery orders entered by the District Court in this case. But other parties to other lawsuits would feel freer than we think Rule 37 contemplates they should feel to flout other discovery orders of other district courts. 427 U.S. at 642–43, 96 S.Ct. at 2780–81.

The policy considerations enunciated by the Supreme Court in *National Hockey League* are fully applicable to defaults under Rule 37(b)(2)(C), *Affanato v. Merrill Bros.*, 547 F.2d at 141, and specifically are applicable to the facts of this case. There has been wilfull disobedience of the U.S. Magistrate's orders. Defendants attempt to avoid responsibility by pointing to their attorney as the "sole villain of the piece." *Townsend v. Gray Line Bus Co.*, 767 F.2d 11, 17 (1st Cir.1985). In his sworn statement, co-defendant Gilberto Medina Cubano mentions that he was not notified that plaintiff's attorney was going to inspect the documents at his business on February 10, 1987. However, he makes no mention of all the previous efforts made by plaintiff to inspect said documents at defendant's attorney's office and at co-defendant's business. His claim of total innocence is not credible.

The Court finds no reason to make any exception to the U.S. Court of Appeals' longstanding rule with regard to the responsibility of clients for their attorney's acts or omissions. *Townsend v. Gray Line Bus Co., id.* As was stated in *Damiani v. Rhode Island Hospital*, 704 F.2d at 16 (upholding dismissal of action for failure to comply with discovery order).

> The argument that the sins of the attorney should not be visited on the client is a seductive one, but its siren call is overborne by the nature of the adversary system.
> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose the attorney as his representative in the action, and he cannot now avoid the consequences of the acts or omissions of this freely selected agent. Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have "notice of all facts, notice of which can be charged upon the attorney." *Smith v. Ayer*, 101 U.S. (Otto) 320, 326, 25 L.Ed. 955.

*Link v. Wabash Railroad Co.*, 370 U.S. 626, 633–34, 82 S.Ct. 1386, 1390, 8 L.Ed.2d 734 (1962) (footnote omitted).

The Court here is not concerned with an action for malpractice, "[w]hat is important is that the conduct of counsel with which defendant is chargeable consisted of a series of episodes of non-feasance which amounted, in sum, to a near total deriliction of professional responsibility." *Affanato v. Merril Bros.*, 547 F.2d at 141.

Defendants are now requesting from the Court, one year after the complaint was filed and three months after the deadline established for discovery has elapsed, that they be allowed time to perform discovery and to establish their defense. Well, now it is too late for the Court will accept the Magistrate's Report and Recommendation.

In view of the above, the Court hereby ORDERS that defendants' pleadings be STRICKEN, and FURTHER ORDERS that DEFAULT be and is hereby ENTERED for the plaintiff, and the issue of damages is set for hearing on **June 29, 1987 at 9:00 A.M.**

Judgment shall be entered accordingly.

IT IS SO ORDERED.