USCA1 Opinion

 

 March 31, 1994 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1859 FERMIN ALVAREZ-SILVA, Plaintiff, Appellant, v. ISAAC RUDMAN, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF PUERTO RICO [Hon. Juan M. Perez-Gimenez, U.S. District Judge] ___________________ ____________________ Before Breyer, Chief Judge, ___________ Selya and Boudin, Circuit Judges. ______________ ____________________ Jose R. Franco Rivera on brief for appellant. _____________________ ____________________ ____________________ Per Curiam. Plaintiff/appellant Fermin Alvarez ___________ Silva appeals from a July 16, 1993 district court order denying his second motion for reconsideration following the court's sua sponte dismissal of his case for lack of ___ ______ prosecution pursuant to Fed. R. Civ. P. 41(b). For the reasons stated below, we affirm. I. On August 6, 1991, plaintiff, a resident of Puerto Rico, filed a complaint alleging a claim for injurious falsehood against defendant Isaac Rudman, a resident of the Dominican Republic. On June 29, 1992, the district court issued an order to show cause why the case should not be dismissed for lack of prosecution. In the order, the district court stated that "almost eleven months have elapsed since the complaint was filed; but plaintiff has not yet served the defendant." Plaintiff responded by filing a motion requesting until July 31, 1992 to effect service of process. Plaintiff stated in the motion that if he did not serve the defendant by the end of July, he would move for voluntary dismissal of the case. The additional requested time lapsed without service of process.1 Thereafter, instead of moving for ____________________ 1. Plaintiff explains his failure to complete service of process during the first year by stating that his process server went to Santa Domingo, Dominican Republic on two occasions to attempt personal service. Plaintiff also states: "In several other occasions [sic], plaintiff -2- voluntary dismissal, defendant requested authorization to serve process by publication. On October 9, 1992, the district court issued a second order to show cause why the case should not be dismissed for lack of prosecution. In response, plaintiff brought to the court's attention his pending motion to serve process by publication, and the court allowed this motion. On November 18, 1992, the court issued a summons by edict. Over two months later, on January 29, 1993, the edict was finally published in a Puerto Rican newspaper.2 Following publication, plaintiff sent a copy of the complaint and edict by certified mail to the defendant and received a signed, return receipt dated April 12, 1993. On May 7, 1993, plaintiff moved for entry of default. On May 10, 1993, the district court dismissed the case for lack of prosecution pursuant to Fed. R. Civ. P. 41(b). The same day, the clerk entered default against the defendant. On May 18, 1993, plaintiff filed a motion for reconsideration of the dismissal order. After judgment on the dismissal order was entered on the docket on May 21, ____________________ followed rumors that the defendant would fly into Puerto Rico in other non-related matters. Such rumors proved unfounded." 2. According to the plaintiff, the delay in publication was caused by the failure of the clerk's office to mail him the edict. Plaintiff alleges that although he submitted a form edict to the clerk's office on or about October 31, 1992, he did not learn that the edict had been issued until the first week in January 1993 when he instructed his secretary to call the clerk's office. -3- 1993, plaintiff renewed his motion for reconsideration on June 1, 1993. The district court entered an order denying the motion for reconsideration on June 24, 1993. On July 2, 1993, plaintiff filed a second motion for reconsideration. This motion was denied by order entered on July 20, 1993 when the court "[f]or the third and final time" reiterated its dismissal order. Plaintiff filed his notice of appeal on July 29, 1993. II. Dismissal for failure to prosecute is a significant sanction but where a plaintiff is truly dilatory, the choice of sanction is a matter within the discretion of the district court and is reviewed under an abuse of discretion standard. In this realm, claims of "abuse of discretion typically `have not received a sympathetic ear from us.'" Figueroa Ruiz v. ______________ Alegria, 896 F.2d 645, 647 (1st Cir. 1990) (quoting Damiani _______ _______ v. Rhode Island Hospital, 704 F.2d 12, 17 (1st Cir. 1988)). _____________________ Almost two years elapsed from the time the complaint was filed to the point when the case was dismissed. During that time, plaintiff had done nothing except effect service and then, belatedly, filed a motion for default. The first year was marked by unexplained delays in seeking to affect service. Even the second year presented lapses of diligence. In particular: -4- First, plaintiff apparently delayed publishing notice for over two months after notice by publication was approved by the district court. Although counsel says that he did not know of the entry of the court's order, counsel has a duty after submitting a request to the court to monitor the docket. Second, although notice was published on January 29, 1993, calling upon the defendant to answer within 30 days from the date of publication and warning that default could otherwise occur, there is no indication that plaintiff took further steps to prosecute the case until May. The default motion was filed more or less at the time that the district court determined to dismiss the case. We agree that the district court may well have been unaware of the belated default motion at the time the court dismissed the case for want of prosecution. But the court's order on reconsideration made clear that the court did not regard the belated default motion as a timely effort and did not think that the belated motion justified retaining the case on its docket. We think that the overall progress of this case has been marked by a lack of serious intent. In a time of crowded dockets and urgent matters, the kind of on-and-off again efforts exhibited by plaintiff in this case are not appropriate and need not be tolerated. The district court -5- was lenient at the outset but eventually its patience became exhausted. We do not regard its decision as an abuse of discretion. Affirmed. See 1st Cir. R. 27.1. ________ ___ -6-